# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-CR-553 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| ROMANDO MUHAMMAD, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Court is in receipt of Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(2). (ECF No. 39). Defendant's motion requests that the Court reduce his sentence to 37 months to run consecutive to his state sentence because Amendment 821 to the United States Sentencing Guidelines lowered him to criminal history category IV with a guideline range of 37 to 46 months. *Id*. On March 15, 2024, the United States responded to Defendant's motion. (ECF No. 40). The United States agrees with the amended criminal history category, but requests that the Court maintain Defendant's sentence at the high end of the guideline range and impose a sentence of 46 months. (ECF No. 40). For the following reasons, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

Defendant is correct that at the time of sentencing he was in criminal history category V (10 points) due to two additional status points added for being under a criminal justice sentence at the time of the instant offense. (ECF No. 35, PageID #154). Under the retroactive application of amended U.S.S.G. § 4A1.1(e), Defendant now has 9 criminal history points, and his criminal history category drops to category IV. The Court concurs that Defendant's new guideline range for offense level 17 and criminal history category IV is 37 to 46 months.

The Court, however, is not inclined to reduce Defendant's sentence to 37 months. At sentencing, the Court denied a Government-requested four-level enhancement to the offense level pursuant to U.S.S.G. § 2K2.1(b)(6)(B). (ECF No. 35, PageID #149). Contrary to the Government's arguments, the Court found that there was insufficient evidence that the drugs Defendant possessed at the time of the offense were for distribution rather than personal use. Defendant sought a downward variance to account for Amendment 821, which had not gone into effect yet. The Court also denied that request due to the nature and circumstances of the offense, and Defendant's history and characteristics. Among other things, the Court noted that Defendant has a 2010 conviction for which he was sentenced to five years in jail. This did not appear to deter Defendant from engaging in criminal activity, given his convictions in 2018, 2020, and the instant case. As a result, the Court sentenced Defendant at the high end of the sentencing range (57 months) and ran it consecutive to his unexpired state sentence. The Court also noted that 57 months was the low end of the sentencing range that would have applied if the Court had granted the four-level enhancement and given Defendant the variance he requested (57–71 months).

The United States has not requested that the Court maintain its sentence of 57 months. Instead, the United States requests that the Court impose a sentence at the high end of the new guideline range (46 months), as opposed to the low-end sentence requested by Defendant (37 months). A high-end sentence is appropriate. For the reasons previously stated, the Court originally declined to sentence Defendant at the low end of the guideline range applicable at the time of sentencing. Not only was Defendant sentenced at the high end, but the sentence was to run consecutive to his pending state sentence. It would be counterintuitive to give him a low-end sentence now, based on nothing more than Amendment 821. Thus, Defendant's request for a 37-month sentence is **DENIED.**

Defendant's motion to reduce his sentence is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** Defendant's request to reduce his criminal history category to IV, pursuant to Amendment 821. The applicable guideline range for offense level 17 and criminal history category IV is 37 to 46 months. Pursuant to 18 U.S.C. § 3553(a), the Court **DENIES** Defendant's request for a 37-month sentence and imposes a sentence of 46 months imprisonment to run consecutive to Defendant's state sentence.

**IT IS SO ORDERED.**

Date: April 12, 2024

_____
**CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE**